[Cite as *Jester v. Ohio Dept. of Transp.*, 2011-Ohio-6579.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAELENE JESTER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-04851-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} Plaintiff, Michaelene Jester, filed this action against defendant, Department of Transportation (ODOT), alleging that she suffered property damage to her car as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition near the I-675 South entrance ramp from the Colonel Glenn Highway. Plaintiff related she was traveling on March 9, 2011, at approximately 9:00 p.m. when her vehicle struck a pothole. The impact of striking the pothole caused significant damage to plaintiff's vehicle. In her complaint, plaintiff requested damages in the amount of $1,570.27, the stated cost of replacement parts, automotive repair expenses, and reimbursement of the filing fee. The $25.00 filing fee was paid.

{¶2} Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the Wright-Patterson Air Force Base and not ODOT bears the maintenance responsibility for the section of roadway where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated, "[d]efendant has performed an investigation of this site and plaintiff would have travelled the Colonel Glenn Highway to Skyline Drive in order to enter I-675. ODOT does not maintain Skyline Drive but the Wright-Patterson Air Force Base takes care of this area." Defendant submitted

documentation (Exhibit A) showing that the particular section of Skyline Drive is located within the maintenance jurisdiction of the Wright-Patterson Air Force Base. ODOT advised, "[a]s such, this section of roadway is not within the maintenance jurisdiction of the defendant." The site of the damage-causing incident was located within the area maintained by the Wright-Patterson Air Force Base.

{¶3} Despite the arguments presented in her July 6, 2011 response, plaintiff has failed to provide sufficient documentation to show that ODOT bears maintenance responsibility for the area in question.

CONCLUSIONS OF LAW

{¶4} R.C. 2743.10(A) provides:

{¶5} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶6} R.C. 2743.02(A)(1) states in pertinent part:

{¶7} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶8} R.C. 5501.31 in pertinent part states:

{¶9} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶10} The site of the damage-causing incident was not within the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAELENE JESTER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-04851-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Michaelene Jester
1578 Bromley Drive, Apt. F
Fairborn, Ohio  45324

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

7/25
Filed 8/4/11
Sent to S.C. reporter 12/20/11